**Exhibit A**

**Proposed Order**

4899-3163-1212.2 57097.001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | Case No. 23-10576 (TMH) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC *et al.*, | |
| Plaintiff, | |
| vs. | |
| A1 JANITORIAL CLEANING SERVICE, | Adv. Proc. No. 25-50823 (TMH) |
| MEDFORD WELLINGTON SERVICE CO., INC. | Adv. Proc. No. 25-50856 (TMH) |
| R.R. DONNELLEY & SONS COMPANY, | Adv. Proc. No. 25-50859 (TMH) |
| SCHNEIDER NATIONAL INC., | Adv. Proc. No. 25-50863 (TMH) |
| SPANGLER CANDY CO., | Adv. Proc. No. 25-50868 (TMH) |
| STAPLES BUSINESS ADVANTAGE, | Adv. Proc. No. 25-50870 (TMH) |
| TATE'S WHOLESALE LLC | Adv. Proc. No. 25-50874 (TMH) |
| WILTON INDUSTRIES, INC., | Adv. Proc. No. 25-50884 (TMH) |
| Defendants. | |

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

4899-3163-1212.2 57097.001

**ORDER GRANTING SECOND OMNIBUS MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS**

Upon consideration of the *Second Omnibus Motion of George L. Miller, Chapter 7 Trustee, to Approve Settlement Agreements* (the "Motion")[2] of George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to approve the settlement agreements (the "Settlement Agreements") between the Trustee and (a) A1 Janitorial Cleaning Service ("A1 Janitorial"), Adv. Proc. No. 25-50823; (b) Medford Wellington Service Co., Inc. ("Medford"), Adv. Proc. No. 25-50856 (TMH); (c) R.R. Donnelley & Sons Company ("R.R. Donnelley"), Adv. Proc. No. 25-50859; (d) Scheider National Inc. ("Schneider"), Adv. Proc. No. 25-50863; (e) Spangler Candy Co. ("Spangler"), Adv. Proc. No. 25-50868; (f) Staples Business Advantage ("Staples"), Adv. Proc. No. 25-50870; (g) Tate's Wholesale LLC ("Tate's"), Adv. Proc. No. 25-50874; and (h) Wilton Industries, Inc. ("Wilton"), Adv. Proc. No. 25-50884 (the above collectively referred to herein as the "Defendants"); copies of Settlement Agreements are attached hereto as Exhibits 1 to 8; the Court having reviewed the Motion and the Settlement Agreements and having considered the record with respect to the Motion; the Court having found that (a) the district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement Agreements (i) are the product of good faith, arms' length negotiations among the Parties, without collusion, (ii) are fair, reasonable, appropriate and

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

4899-3163-1212.2 57097.001                                           2

in the best interests of the Debtors' estates and (iii) represent a sound exercise of the Trustee's business judgment and (e) each of the Parties to the Settlement Agreements provided sufficient consideration for the transactions contemplated by the Settlement Agreements; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The terms of the Settlement Agreements attached hereto as <u>Exhibits 1 to 8</u> are APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

3. The Parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement Agreements.

4. Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreements or this Order.

# **EXHIBIT 1**

**A1 Janitorial**

**SUBJECT TO FRE 408**
<u>**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**</u>

This *Settlement Agreement and Mutual Release* (the "<u>Settlement Agreement</u>") is entered into by and between George L. Miller, solely in his capacity as the Chapter 7 Trustee (the "<u>Trustee</u>") of Christmas Tree Shops, LLC, et al. (the "<u>Debtors</u>"), and not in any individual capacity, on the one hand, and A1 Janitorial Cleaning Service (the "<u>Company</u>"), on the other hand. Company and the Trustee may be referenced herein collectively as the "<u>Parties</u>" and/or each as a "<u>Party</u>."

<u>**Background**</u>

WHEREAS, on or about May 5, 2023 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) under Case No. <u>23-10576</u> in the United States Bankruptcy Court for the District of Delaware; and

WHEREAS, on August 16, 2023 (the "<u>Conversion Date</u>"), the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 545], and George L. Miller was appointed as the chapter 7 trustee [Docket No. 546]; and

WHEREAS, the Debtors and Company had a business relationship prior to the Petition Date; and

WHEREAS, the Debtors' records reflect that the Company received a payment in the amount of $58,797.86 from the Debtors on account of outstanding indebtedness within the 90 days prior to the Petition Date (the "<u>90 Day Transfer</u>"), which the Trustee believes he can avoid and recover for the benefit of the Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 547 and 550, and

WHEREAS, on May 5, 2025, the Trustee filed a *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* against the Company in the United States Bankruptcy Court, District of Delaware, assigned Adversary Proceeding Number 25-50823 (TMH) (the "<u>Adversary Action</u>"); and

WHEREAS, the Parties have engaged in good faith, arms' length negotiations to resolve the matter; and

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1. **Recitals.** The recitals set forth above are incorporated herein by reference.

2. **Settlement Amount.** The Company shall pay to the Trustee the aggregate sum of $10,000.00 (the "<u>Settlement Payment</u>") according to the following schedule: (a) $2,500.00 on or before seven (7) days following entry of an order approving this Settlement Agreement (the "First Payment"); (b) $2,500.00 within thirty (30) days after the First Payment; (c) $2,500.00 within sixty (60) days after the First Payment; and (d) $2,500.00 within ninety (90) days after the First Payment (the "<u>Final Payment</u>"). The Settlement Payment(s) will be made in accordance with wire instructions to be provided by the Trustee or by check made out as follows: "George L. Miller, Chapter 7 Trustee, Christmas Tree Shops, LLC, et al." and addressed to: Miller Coffey Tate LLP, 1628 John F Kennedy Blvd # 950, Philadelphia, PA 19103.

3. **Settlement Effective Date.** The effective date of this Settlement Agreement and all of its terms shall be the later of (i) execution by all Parties, (ii) payment of the Settlement Payment, and (iii) entry of a final order of the Bankruptcy Court approving the Settlement Agreement (the "<u>Settlement Effective Date</u>").

4. **Dismissal of Litigation.** Within ten (10) business days after the Trustee's receipt of the Final Payment, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed with prejudice. Each party will bear its own costs relating to the Adversary Action, including attorneys' fees.

5. **Trustee's Limited Release.** Effective on the Settlement Effective Date, the Trustee, solely on behalf of the Debtors and the Debtors' estates in his capacity as chapter 7 trustee of the Debtors, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Company, its directors, employees, officers, agents, representatives and the successors and assigns of any of them (collectively, the "<u>Company Releasees</u>") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands

whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the Company Releasees, in connection with the 90 Day Transfer and/or the Adversary Action.

6. **Company's Limited Release.** Effective on the Settlement Effective Date, the Company Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee, the Debtors and their bankruptcy estates, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Company Releasees has, had, may have, or may claim to have against any of the Trustee Releasees in connection with the 90 Day Transfer and/or the Adversary Action, including the right to file a claim pursuant to 11 U.S.C. 502(h).

7. **Bankruptcy Court Approval.** Following the Parties' execution of this Agreement, the Trustee shall move for approval of this Agreement by the Bankruptcy Court pursuant to Federal Rules of Bankruptcy Procedure 9019 (the "Approval Motion"). Until and unless the Bankruptcy Court enters an order of approval, this Agreement shall have no binding effect. In the event an order approving this Agreement does not become final, each of the Parties shall not be prejudiced but returned to their position status quo ante. The Trustee hereby consents to an extension of the Company's deadline to answer the complaint in the Adversary Action until fourteen (14) days after the Bankruptcy Court rules on the Approval Motion.

8. **No Admissions.** This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the 90 Day Transfer or the Adversary Action.

9. **Expenses.** The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the 90 Day Transfer, the Adversary Action and this Settlement Agreement.

10. **Severability.** The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

11. **Miscellaneous.**

(a) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(b) Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c) No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(d) This Settlement Agreement shall be governed by and construed in accordance with the law of the State of Delaware without regard to any choice of law provisions.

(e) This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(f) The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(g) Any statute or period of limitations, statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation in connection with the 90 Day Transfer is hereby tolled until the Settlement Effective Date. Nothing in this Settlement Agreement shall operate to revive or extend the time

for filing any claim that is now time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date this Settlement Agreement is executed as set forth below.

(h) Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(i) In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(j) The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(k) This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Court.

(l) This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(m) The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

☐IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

Dated: August 26, 2025

Dated: August 22, 2025

George L. Miller, solely in his capacity as Chapter 7 Trustee of Christmas Tree Shops, LLC, et al.

A1 Janitorial Cleaning Service

By: *George L. Miller, Trustee*

By: *Eric Daly*
Name: *Eric Daly*
Title: *Owner*

DE:4932-1701-7185.1 57097.001